And the court will proceed to the third case, Word v. City of Chicago. Mr. Carmichael. Good morning, Your Honors. May it please the court, I'm Christopher Carmichael and I represent the appellant, Hosea Word. And I wanted to start by addressing the breach of contract claim. There was an Illinois state law breach of contract claim brought by Sergeant Word. He contended in the complaint that the city had offered a fair and impartial examination that he accepted, that he paid for that, and that he took the examination. Now, that examination was supposed to be fairly administered by an impartial third party, in part to prevent cheating. And under Illinois law, the elements of a breach of contract claim were sufficiently pled. Illinois courts have found that breach of contract claims exist in a variety of circumstances, including by even ordinances providing for different rights. And here, we think that there was a plausible claim that a contract existed for a fair examination. Now, the... What are the damages under the contract, the $25 fee? The $25 fee and his time for, obviously, preparing and studying for an examination that was flawed. Now, the district court focused on the disclaimer in dealing with that claim. The disclaimer is there, but it addresses a different issue. It addresses the issue of there was no guarantee for a promotion. And obviously, that's not what Sergeant Word was focusing on. He understands that by taking the test, there was no guarantee of a promotion. His issue is with the cheating on the test and whether or not that issue occurred and whether the examination itself was fair, not whether he would be guaranteed a promotion. Now, alternatively, the complaint pled that Sergeant Word was a third party beneficiary of a contract between the city and the third party administrator who had an agreement to in creating the examination to keep the information confidential to prevent sharing and ending cheating. Now, Illinois courts have found in instances that people are third party beneficiaries when there's a benefit intended to be conferred on them or a performance is rendered to a third party. Now, that includes in instances where there are general contractors in Illinois and agreements between owners and general contractors. And the subcontractors are considered a third party beneficiary of those contracts. We think this situation is more analogous to that in that the participants in the examination were intended to be the third party beneficiaries of the confidentiality. And to be able to sue? Pardon that? Is there an indication, any objective indication that the city and the test company intended to give test takers the right to sue to enforce that contract? I don't know about that, Your Honor. Obviously, we only have limited information, so we certainly didn't. That isn't in the complaint. You know, there's a, we don't even have the actual agreement, we just have an understanding of what the agreement was between the city and the third party and what the agreements that the third party had between the subject matter experts were. I don't think, though, that under Illinois law, you actually would have to have a right necessarily to sue. That's what you're asserting. No, what we're asserting is he's a third party beneficiary and then would have the right to sue. So the agreement necessarily between those two parties doesn't have to specifically give a third party the right to sue. It has to signal an intent to do so, right? It has to signal an intent to confer some rights that potentially could be enforced. Legally enforceable rights? Yes. So what's the indication of that? The confidentiality and the administration of the test as being fair and not to have the cheating would be intended to confer a right on the participants, obviously, to take that fair examination. And that's what we contend that this discrete group of test takers would be the intended third party beneficiaries. And under Illinois law, a federal court sitting in diversity should have allowed that claim to proceed. Or if the federal claims were dismissed, decided not to exercise jurisdiction over those claims. With regard to the due process claim and the issue of the property interest, there's a difference here in this case because the Illinois General Assembly has enacted a specific statute that prohibits cheating and corruption in connection with these type of merit examinations. What they've tried to construct is a whole system of merit selection, and in addition to that, they have a specific statute that prohibits the furnishing of information to people to improve their chances on that examination. And that more specific statute, we believe coupled with the agreements that we've discussed, would be sufficiently firm and definite to create a property interest that could be enforceable. Is it a property interest in a fair process for the promotion? A property interest in not having the cheating on the test. In a fair selection process, right? Well, I would also, the theory would also presumably apply, let's say, to not only fair testing but fair interviewing processes so that you don't ask incredibly hard questions of some candidates and very easy ones of others, right? No, I think our issue is more on the cheating issue, not about the hardness of the questions or how the test was done, but the supplying of the test answers or the test questions to certain participants. I understand your theory about the cheating, and as near as I can tell, Illinois law provides remedies for that, right? I mean, other than prohibiting it, there weren't any identifiable remedies that Illinois law provides in this. No remedies? And what does that tell us, if Illinois doesn't want to provide a remedy for that? Well, the variety of reasons that Illinois may have expected that people would provide some other type of remedies somewhere else or that they could just sue in court. For federal constitutional violations? It's possible. That's, okay. What I'm trying to get at is the problem that the city has identified in your theory, that you seem to be trying to use the due process case to enforce a claim for fair procedures in the promotion process. And we don't characterize it as that broad. Ours is more specific and focused on the cheating aspect and not necessarily the whole process or whether or not the test would be too difficult or too hard or anything like that. It's more on the specific issue of supplying the test answers to a select group that would allow them to then prevail. And in other contexts, there is obviously discretion in the promotion process, and there is obviously discretion on to who you're going to promote, who you might give a job to, but we think under this statute, there is no discretion to allow cheating. And I think Chicago itself recognized that when it entered into these agreements with the third party administrator to ostensibly keep the test itself from this problem from occurring, from the cheating from occurring. So the city itself wanted that, at least with the third party administrator, to recognize that was an issue and wanted to fulfill that statute. I see I'm into my rebuttal time, and I will... Thank you, Mr. Carmichael. Mr. Breyer. Good morning, and may it please the court, the district court, correctly dismiss to this complaint in its entirety. I would just like to focus briefly this morning on the contract claim and the due process claim. Since there was no argument on the other claims, we will just rest on our brief, obviously if the score has no question on those issues. Starting with the due process claim, you don't have to look any farther than Mr. Ward's brief to see how he characterizes his claim. This is page 13. He derives a property, I suppose a due process property right from, quote, state law governing the process for civil service examinations, end quote. That claim runs headlong, that theory of due process runs headlong into Bigby, McManamie, Teagan, Snowden, this court's en banc decision in Archie, countless decisions that state laws providing certain processes and procedures do not create property interest for the purpose of due process. And that's just the beginning and end of the due process claim. Absent a property right, there's no need for process in going about depriving that right. Turning to the contract claim, the two permutations on the contract claim, first the idea that there was a direct contract. The problem here is that in Mr. Ward's complaint, all he offered was the statement that there was an offer. Illinois law is quite clear and this court applying Illinois law has been quite clear that you have to look at the broader circumstances. It's not just, you can't just look at an isolated word or statement. You have to look at the circumstances in general. There are no allegations in the complaint regarding the circumstances. We identify one problematic omission. Under Illinois law, it has to be an authorized individual to contract on behalf of a municipality. It can't just be the fact that a city employee. It has to be someone with actual authority. There's even case law that the superintendent, superintendent of police cannot contract. Contract was declared void and could not be enforced even under the principle of estoppel. Regarding the third party beneficiary theory. So what do we make of the Boswell case? Boswell. Yes. Boswell against the city of Chicago? Boswell was a very unique circumstance. It was not only that there was an ordinance, but there were specific representations made by various individuals about the nature of the job, what sort of promises were being made. Like there was a rather comprehensive factual background provided to show that there was a contract there, not just an ordinance. Sometimes it's believed that that was just an ordinance created a contractual right, but there was more than that. The court relied on quite a comprehensive factual background. Were the offers there or promises made by authorized individuals? I'm not painfully familiar with Boswell, but that was my belief as it was. But I regretfully can't state as far as that goes. But it's completely unclear here who supposedly made this representation to Mr. Word. If it was just a casual statement, if it was another officer, we just don't know. Presumably it's not a casual statement that we're going to run the test honestly, right? I would hope not. But if you hear from another officer that they're saying this is going to be how it's done, I just don't know. I can't speak to it. That's the problem here that you can always speculate. It's not to that level of plausibility that someone with authority made an affirmative representation that Mr. Word could reasonably believe evinced an intent to bind the city. Is there any state law remedy for the cheating that plaintiff has alleged? By his theory, his very theory is that state law, I was somewhat surprised to hear Mr. Word retreat from that during argument. His theory is that the fact that the state will enforce these procedures, these procedural requirements in evaluating merit promotions, that was the basis of the process interest that he, the due process interest that he was claiming, the property interest. The injunctive relief would be available perhaps? Injunctive relief I've seen before, you know, whatever legal, you know, if it's, sometimes it might arise perhaps in administrative context. So administrative review might be available. I'm not entirely familiar with how that would come up, but sometimes these sorts of decisions are made by administrative agencies of some kind. But it seems undisputed here that there are remedies in state law. And that was the part of the basis of this court's decision in Bigby itself, that these state law remedies were available, that you could go to state court. And, you know, this court said that if there was a problem with the test, that that was a perfectly adequate remedy to address those problems in the test. And, you know, it's kind of late today to reverse course and say that those remedies are non-existent. I would believe that. I believe that ship has sailed. Finally, just to tie up the last issue regarding third-party beneficiary, Illinois law is quite clear that there must be an express statement in a contract creating legal right to enforce a contract between other parties. None is alleged here. Mr. Ward's counsel admitted that he isn't even familiar with the contract, so doesn't even have a basis for believing that there was such an express statement. And, you know, Illinois law is perfectly clear that subjective intentions aren't enough. This court has no... Can I ask you about your Anquist theory on equal protection? I understood Anquist to be a problem for somebody asserting a class of one sort of claim. Do you think it reaches more broadly to this sort of a claim where there were a favored few and many left out in the cold? We presented, we only argued Anquist, and I want to make that perfectly clear if I was not in our brief, that Anquist would only address the class of one theory that Mr. Ward presents here. To the extent he's tried to expand beyond that, first, there's no dispute here. Mr. Ward has never addressed Anquist, never disputed that Anquist would bar a class of one theory. It's just not even mentioned in either of his opening or his reply brief. But to the extent he tries to venture out into more of a gender-based, gender or sex, I use those interchangeably, not trying to take any position on those issues, of course. This Court's decisions in Preston and Jenkins foreclosed that. We would, just to be clear, we're not saying that Anquist would bar that, but Preston and Jenkins making clear that favoring significant others or personal relationships neither in purpose nor effect is sex or gender discrimination. And as with Anquist, Mr. Ward has not responded to those contentions at any point in this litigation, whether in the district court or on appeal. If this Court has no further questions on any of the other issues, I'm glad to answer them. But if not, we respectfully request that you affirm the judgment in all respects. Thank you. Mr. Carmichael, you may have an additional minute. Thank you, Judge. On the breach of contract claim, and the city had made an argument a minute ago, and they had made it in their brief about the offer needing to be made by somebody with authority. The allegation and the complaint is the city itself made the offer. There's been no, there was nothing raised in their motion to dismiss and certainly nothing below that indicated there was some problem with authority. And on a motion to dismiss such as this on a first complaint without any repleting or any additional offers on that, we don't think that was a question that should appropriately bar the breach of contract claim. There is often a fine line between, you know, substance and procedure. And the prohibition on cheating, which we were talking about, we don't think that's a procedural issue of mandating how a test is necessarily, whether it's computerized or some other means, it goes more to the integrity of the process itself. And we think that's a little more substantive in this case and makes us a little different. And we know in other cases that this court has indicated that a remedy such as a breach of contract action doesn't necessarily, because that exists, doesn't necessarily bar a due process claim. So we would think that if you could bring a breach of contract claim in state court based on these statutes, that wouldn't necessarily bar the due process claim. And we'd ask the court reverse. Thank you. Thank you, Mr. Carmichael. Thanks to all counsel. The case is taken under advisement.